BELL *vs.* DAVIS and BELL.

It is sufficient, on the joining of an issue in a justice's court, for the defendants to plead the general issue, and give notice that they will prove on the trial that the plaintiff is largely indebted to them for board, washing and mending, furnished to him, at his request, and for money paid, work, labor and services, and that they will claim a judgment for $100; unless the plaintiff, at the time, objects to the notice for want of certainty, or requires a specification of the nature of the set-off.

It is enough if a claim offered in evidence as a set-off, is included within the notice of set-off given at the joining of the issue.

If a claim offered as a set-off belonged to all the defendants jointly, at the commencement of the suit, it is no objection that one of the defendants has derived his title by assignment from a co-defendant.

Where an assignment, from one defendant to another, of a joint interest in a demand offered as a set-off, bears date prior to the commencement of the suit, this is *prima facie* evidence that the assignment was executed before the suit was commenced.

THIS suit was commenced before a justice of the peace. The plaintiff declared in debt upon a bond. The defendants severally pleaded the general issue, and gave notice that they would prove on the trial that the plaintiff was largely indebted to the defendants for board, washing and mending, furnished to him at his request; also for money paid, work, labor and services done and performed, and claimed a judgment for one hundred dollars. Before the justice the plaintiff recovered $46,34 on the 9th of October, 1847, and the defendants appealed to the Ulster county court, where the cause was tried in June, 1848. On the trial in the county court, after the plaintiff had proved his demand, and rested, the counsel for the defendants offered to prove and read in evidence a paper purporting to be an assignment from the defendant Jonathan T. Bell to the defendant Jacob Davis, of one equal undivided half part of all his accounts, claims and demands against Abraham Bell the plaintiff, and which paper conveyed to said Davis an equal joint interest therein with said Jonathan T. Bell, which paper purported to be for value received

and bore date in October, 1844. The counsel for the defendants then stated that he intended, after the said paper had been given in evidence, to prove that Abraham Bell was, at the date of said assignment, largely indebted to said Jonathan T. Bell, and that he should insist upon said account as a set-off against the claim of the plaintiff in the cause. The plaintiff's counsel objected to the evidence, and the court excluded it, and the defendants' counsel excepted. Several other exceptions were taken in the progress of the trial, which it is unnecessary to state. The plaintiff recovered in the county court, and the defendants appealed to this court.

*Cooke & Pruyn,* for the plaintiff.

*T. R. Westbrook,* for the defendants.

*By the Court,* PARKER, J. I see but one error committed on the trial in the county court, and that was in rejecting the evidence of a set-off. This decision is attempted to be sustained on the ground that the notice of set-off was insufficient. It is true the notice did not state that the demand sought to be set off was originally due to Jonathan T. Bell, and had become the property of the defendants, jointly, by assignment. But it was a general notice that the plaintiff was indebted to the defendants, with a statement of the nature of the indebtedness. The notice certainly covers the demand sought to be set off, though it does not give its history. In *Covill* v. *Wright,* (13 *Wend.* 403,) the supreme court held it was sufficient notice of set-off for the defendant to state, at the joining of issue, that he pleaded the general issue *and gave notice of set-off,* and claimed a balance of fifty dollars. That the plaintiff should object to the defence for want of certainty, and require a specification of the defendant's claim, at the joining of issue, if he desired a more particular statement; and that if he did not so object, he could not subsequently, on the trial of the cause, object to evidence of set-off, on the ground that the nature of the claim had not been specified, at the joining of issue, with sufficient certainty.

Bell *v.* Davis.

No such objection was made at the joining of issue in this case; and the notice given, in stating generally the grounds of indebtedness, is more full and explicit than that which was held sufficient in the case of *Covill* v. *Wright.* It is enough if the claim offered is included within the notice given at the joining of issue.

The evidence offered was of a demand properly the subject of set-off. (2 *R. S.* 332, 3*d ed.*) If it belonged to the defendants jointly it made no difference whether one or both the defendants was the original creditor, or the assignee of the demand.

It is also argued that the assignment, being a transaction between the defendants, its date did not afford *prima facie* evidence that it was made before the commencement of the suit. This view might be presented with equal force, if the demand had been assigned to the defendants by a third person. The act of a third person, out of court, would be no more legal evidence than the act of the defendants. The general rule is that the date is *prima facie* evidence; and I know of no exception to the rule when the instrument happens to be between the defendants. I think this position is not tenable. (2 *Cowen & Hill's Notes,* 1453, *and cases there cited.*) Besides, the objection made was to the admissibility of the evidence offered; not to its sufficiency in establishing a claim. The defendants' counsel offered to prove the execution of the instrument, and if this was proper evidence towards proving the set-off, as far as it went, it should have been received; and if the defendants failed to introduce other necessary evidence to make out their defence, the court should have been called upon to decide that the evidence fell short of establishing a defence.

The judgment of the county court must be reversed with costs, and a new trial awarded,